### PEOPLE v. CARTER

CRIMINAL LAW—PLEA OF GUILTY—ACCEPTANCE.

Guilty plea of defendant was properly accepted where the transcript of the proceeding at which his plea was accepted shows that he understood the questions put to him and the nature of the proceedings even though the defendant on appeal claimed that he did not understand the proceeding because of an auditory deficiency.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 January 6, 1970, at Lansing. (Docket No. 7,329.) Decided January 29, 1970.

Lorenzo Carter was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*James Burren Brown,* for defendant on appeal.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Per Curiam. After a preliminary examination, the defendant, Lorenzo Carter, was bound over on a charge of first-degree murder of Newessie Gardner, Jr. MCLA § 750.316 (Stat Ann 1954 Rev § 28-.548). He was arraigned on the information on April 12, 1968, stood mute, and a plea of not guilty was entered for him by the court.

On June 10, 1968, Carter again appeared in court and a count was added to the information charging him with the crime of manslaughter. MCLA § 750-.321 (Stat Ann 1954 Rev § 28.553). He pled guilty to the charge of manslaughter, and on July 26, 1968, was sentenced to a term of 5 to 15 years in state prison.

Carter was represented at the preliminary examination and at all of his appearances in court through sentencing by retained counsel.

By communication mailed to the trial court on August 28, 1968, Carter alleged that he was indigent and requested the appointment of counsel to represent him upon appeal. On September 10, 1968, appellate counsel was appointed. On February 13, 1969, Carter filed a petition to withdraw his plea of guilty. This petition was supported by his affidavit averring that his sense of hearing is impaired and that when he pled guilty to the charge of manslaughter, he did not understand the judge's questions, that he thought that the charge of first-degree murder would be reduced to manslaughter, and he would have a trial on the manslaughter charge; further, he averred that he killed Newessie Gardner, Jr., in self-defense. The petition was also supported by affidavits of two physicians attesting to Carter's auditory deficiency, and that he requires the use of a hearing aid, which, according to Carter's affidavit, was not functioning properly at the time he pled guilty.

An evidentiary hearing was held on March 14, 1969, at which Carter appeared and testified in support of the allegations in his petition.

When his plea of guilty was tendered, Carter was examined by the trial judge. Carter was extensively questioned and responded at length regarding the circumstances of the slaying. His responses to the judge's questions satisfy us that he understood the questions the judge was asking. His statements at that time, while tending to support his claim that he was provoked by the victim, negative the claim that he acted in self-defense; when he pled guilty, Carter acknowledged that the victim had not threatened to do him bodily harm.

At the conclusion of the evidentiary hearing the trial judge stated: "The transcript [of the guilty plea hearing] is demonstrative of the fact that Mr. Carter did understand everything that was said to him", and then stated his conclusion that the petition was without merit. The petition to withdraw guilty plea was thereupon denied.

We have examined the transcripts of the June 10, 1968, guilty plea hearing and of the March 14, 1969, post-conviction hearing and are persuaded that Carter's guilty plea was properly accepted, that he understood the questions put to him and the nature of the proceedings, and that the trial judge did not clearly err in so finding at the conclusion of the post-conviction hearing.

Affirmed.